AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

4:19-cv-229-A

| United States District Court | District | Northern District of Texas (Fort Worth) |
|---|---|---|
| Name (under which you were convicted): PHILLIP SCHENCK | | Docket or Case No.: 15-cr-00152-A-7 |
| Place of Confinement: Terre Haute USP, IN | | Prisoner No.: #49756-177 |
| UNITED STATES OF AMERICA | v. | Movant (include name under which convicted) PHILLIP SCHENCK |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   U.S. District Court / Northern District of Texas, Fort Worth Division

   (b) Criminal docket or case number (if you know): 4:15-cr-00152-A-7

   *U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED MAR 1 8 2019 CLERK, U.S. DISTRICT COURT By_____ Deputy*

2. (a) Date of the judgment of conviction (if you know): 8/7/2015

   (b) Date of sentencing: 1/15/2016

3. Length of sentence: 480 Months

4. Nature of crime (all counts):
   Conspiracy to Possess with Intent to Distribute a Controlled Substance (Violation of 21 U.S.C. § 846)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ✔   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the 5th Circuit
   (b) Docket or case number (if you know): No. 16-10073
   (c) Result: Judgment of the District Court is affirmed
   (d) Date of result (if you know): 10/17/2017
   (e) Citation to the case (if you know):
   (f) Grounds raised:

   (1) the district court erred in denying a three-level reduction for acceptance of responsibility, (2) the district court erred in assessing a two-level enhancement for maintaining a drug premises, pursuant to U.S.S.G. § 21).1.(b)(12), and (3) The sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the district court did not consider his mitigation arguments. Schenck has also filed a pro se motion for the appointment of substitute appellate counsel.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ✔   No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): Docket for 17-7729
       (2) Result: certiorari petition denied
       (3) Date of result (if you know): 3/19/2018
       (4) Citation to the case (if you know):
       (5) Grounds raised:

       Whether: 1)the Lower Court violated the Due Process and Equal Protection Clauses 2)this Court's holdings were violated by the Lower Court for failure to even consider timely NOTICE (by Motion) of such fraud upon the Court 3)AUSA commits fraud upon the District Court and remains silent as to the fraud he has perpetuated upon said 4)indictment and plea of guilty can stand if product of fraud upon the Court 5)Lower Court can sit Idly when presented with a sworn affidavit of fraud upon 6) Appellate Counsel is obligated to raise a fraud upon the District Court and the Appellant?

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ✔   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: United States District Court for the Northern Distict of Texas Fort Worth Division
        (2) Docket or case number (if you know): 4:15-cr-00152-A-7
        (3) Date of filing (if you know): 11/8/2018

    (4) Nature of the proceeding: MOTION for miscellaneous relief filed by Phillip Schenck

    (5) Grounds raised:

The Court interpreted the pleading as a Motion to compel his former counsel to provide him with copies of their files pertaining to his case

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☑

    (7) Result: Court ORDERS the membership of Hoffman and Woodward in the bar of this court suspended

    (8) Date of result (if you know): 12/3/2018

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: N/A

    (2) Docket of case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐    No ☐

    (2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** U.S.Attorney violated Schenck's Due Process Rights by failing to provide mitigation evidence in its possession in violation of Brady v. Maryland and committed a fraud upon the Court & Grand Jury

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A.U.S.A. Shawn Smith presented material false evidence to the Grand Jury and to the Court; Smith further violated Schenck's Due Process rights when he failed to provide mitigating evidence to Schenck or Defense Counsel. Smith also perpetrated fraud upon the Court by entering knowingly false evidence.

A.U.S.A. Smith told the Grand Jury and the District Court that Amanda Means and Celeste Blair purchased quantities of Methamphetamine from Schenck. Both Ms. Means and Blair provided statements confirming that they had never done any drug business with Schenck. Further, one week after Schenck was sentenced, Smith sent a text message to Defense attorney Woodward acknowledging that he knew the relevant conduct attributed to Schenck as to Means was in fact erroneous. Woodward provided Schenck an Affidavit in support of this factual claim.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Pursuant to well settled Fifth Circuit precedent, ineffective assistance of counsel claims not properly raised on a direct appeal and should be addressed in a motion for relief under 2255.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ✔  No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: certiorari

Name and location of the court where the motion or petition was filed:
United States Supreme Court, Washington, D.C.

Docket or case number (if you know): 17-7729

Date of the court's decision: 3/20/2018

Result (attach a copy of the court's opinion or order, if available):

Cert. Denied. Merits not reached (claims not preserved for review in appeal court)

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ✔

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ✔

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

no appeal available from Supreme Court.

**GROUND TWO:** Ineffective Assistance of trial/sentencing Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense Counsel Woodward performace fell below a reasonable standard of representation where he:
1) provided Schenck with improper sentencing expectataions to intice Schenck to enter into an open plea; Woodward informed Schenck ithat based on his expeirence Schenck would only receive a 10 year sentence;

2) failed to properly research the case and sentencing facts and pursue obtaining availiabe documentation to support arguments in opposition to erroneous sentencing factors, i.e., Ms Means and Blair never participated in any drug transactions with Schenck (Means and Blair statements support this fact), Schenck was not affiliated with the A.B.T. gang organization (T.D.C.J. and FBI files support this fact), Schenck does not have a Passport needed to exit/return to the United States and therefore could be considered an international drug smuggler; and

3) Woodward failed to inform the sentencing court of A.U.S.A. Smith's fraud commited upon the District Court and Brady violations as required by the ABA Code of Conduct. Defense Counsel has been suspended from appearing in the Sentencing Court for six (6) months beginning on 12/03/18 for "Failure to comply with the court's orders of Nov 8 and Nov 21 2018 is conduct unbecoming a member of the bar of this," in a realated matter to the instant case which shows a pattern of unprofessional conduct of Counsel Woodward.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Pursuant to well settled Fifth Circuit precedent, ineffective assistance of counsel claims not properly raised in a direct appeal and should be addressed in a motion for relief under 2255.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ✔    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: certiorari

Name and location of the court where the motion or petition was filed:
United States Supreme Court, Washington D.C.

Docket or case number (if you know): 17-7729

Date of the court's decision: 3/20/2018

Result (attach a copy of the court's opinion or order, if available):

Cert. Denied. Merits not reached (claims not preserved for review in appeal court)

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ✔

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ✔

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

no appeal available from Supreme Court.

**GROUND THREE:** Ineffective Assistance of Appellate Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsels Donna M Hoffmann & Christopher M McCaffrey failed to present:
1) the government's fraud upon the Grand Jury and District Court for appellate review and possessed factual support for the meritorious claim;

2) the erroneous application of relevant conduct as to Means and Blair; and

3) McCaffery violated the attorney-client privilege when she shared an Affidavit provided to Schenck in support of the government's knowingly use of false evidence with other attorneys in the Public Defender's Office without Schenck's approval.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Pursuant to well settled Fifth Circuit precedent, ineffective assistance of counsel claims not properly raised in a direct appeal and should be addressed in a motion for relief under 2255.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ✔   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: certiorari

Name and location of the court where the motion or petition was filed:
United States Supreme Court, Washington D.C.

Docket or case number (if you know): 17-7729

Date of the court's decision: 3/19/2018

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ✔

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ✔

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

no appeal available from Supreme Court.

**GROUND FOUR:**   N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the above raised grounds have been addressed on appeal because pursuant to well settled Fifth Circuit precedent, ineffective assistance of counsel claims are properly raised in a Motion under 2255 for relief, or due to counsel's failure to raise the meritorious claims on appeal. Some of the claims were presented in Cert. to the Supreme Court but the merits of the claims were not reached, none of the claims were preserved for review in the appeal court.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes [✔]   No [ ]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Northern District of Texas, Fort Worth Division, 4:15-cr-00152-A-7, Motion to Toll the time to file this 2255 Motion, due to counsel's failure to provide Schenck with the case files. Counsel's have been barred from appearing in this court for their failure to follow the court's orders in realtion to Schenck motion to compel attorneys to provide him with the case files.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
J Steven Bush, 314 Main Street, Suite 200, Fort Worth, TX 76102

(b) At the arraignment and plea:
Christopher K Woodward, 2525 McKinnon Street, Suite 420, Dallas, TX 75201

(c) At the trial:
n/a

(d) At sentencing:
Christopher K Woodward, 2525 McKinnon Street, Suite 420, Dallas, TX 75201

(e) On appeal:
Donna Hoffmann, 2807 Allen Street # 672, Dallas, TX 75204 /Christopher M McCaffrey 14277 Welch Rd Dallas

(f) In any post-conviction proceeding:
n/a

(g) On appeal from any ruling against you in a post-conviction proceeding:

n/a

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes [ ]   No [✔]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes [ ]   No [✔]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:
(c) Give the length of the other sentence:
(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes [ ]   No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Movant's sentence became final on March 19, 2018 upon denial of the Petition for Certiorari. The instant Motion is timely filed on or before March 19, 2019.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1)  the date on which the judgment of conviction became final;
    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Schenck respectfully requests that the Court grant the following relief:

    Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

Mr. Phillip Schenck
Reg. No. 49756-177
USP TERRE HAUTE
U.S. PENITENTIARY
P.O. BOX 33
TERRE HAUTE, IN 47808
Appearing *Pro Se*

## DECLARATION OF PHILLIP SCHENCK

    I, Phillip Schenck, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: March 13, 2019.

PHILLIP SCHENCK

USP Terre Haute
P.O. Box 33
Terre Haute, IN. 47808

49756-177
United States Courthouse
501 W 10TH ST
room 310
FORT Worth, TX 76102
United States

2019 MAR 18 AM 11:50 3
DEPUTY CLERK