IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 8 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy



PHILLIP SCHENCK,              §
                             §
        Movant,              §
                             §
VS.                          §   NO. 4:19-CV-229-A
                             §   (NO. 4:15-CR-152-A)
UNITED STATES OF AMERICA,     §
                             §
        Respondent.          §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Phillip Schenck ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its corrected supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:15-CR-152-A, styled "United States of America v. Eric Summers, et al.," the court has concluded that the motion should be denied.

### I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On June 10, 2015, movant was named in a one-count indictment charging him and others with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§ 846. CR Doc.[1] 14. On August 7, 2015, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 131. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 132. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 377.

The probation officer prepared the PSR, which reflected that movant's base offense level was 36. CR Doc. 171, ¶ 46. He received a two-level enhancement for firearms, id. ¶ 47, a two-

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-152-A.

level enhancement for importation of methamphetamine from Mexico, id., ¶ 48, and a two-level enhancement for maintaining a drug premises, id. ¶ 49. Based on a total offense level of 42 and a criminal history category of V, movant's guideline range was 360 months to life. However, the statutorily authorized maximum sentence was 40 years, so the guideline range became 360 to 480 months. Id. ¶ 147. Movant lodged 18 objections to the PSR. CR Doc. 260. The probation officer prepared an addendum to the PSR. CR Doc. 212.

Sentencing took place on January 15, 2016. CR Doc. 376. Movant persisted in his objections. Id. at 4. His counsel stated that movant would testify in support of the objections, but after being cautioned that false testimony could cause a loss of acceptance of responsibility and a two-level increase for obstruction of justice, movant changed his mind. Id. at 6. The court considered and overruled all but one of movant's objections (which had to do with reimbursement of the judiciary for services provided by his court-appointed attorney), adopting the findings of the PSR and addendum as supplemented or modified by findings from the bench. Id. at 15-16. The court, noting that it had seldom seen a criminal history as extensive as movant's, id. at 19, sentenced him to a term of imprisonment of 480 months. CR Doc. 249.

Movant appealed and his sentence was affirmed. <u>United States</u>

<u>v. Schenck</u>, 697 F. App'x 422 (5th Cir. 2017). His petition for

writ of certiorari was denied. <u>Schenck v. United States</u>, 138 S.

Ct. 1308 (2018).

II.

## Grounds of the Motion

Movant raises three grounds, worded as follows:

**GROUND ONE:** U.S. Attorney violated Schenck's Due
Process Rights by failing to provide mitigation
evidence in its possession in violation of Brady v.
Maryland and committed a fraud upon the Court & Grand
Jury

Doc.[2] 1 at PageID[3] 4.

**GROUND TWO:** Ineffective Assistance of trial/sentencing
Counsel

<u>Id.</u> at PageID 5.

**GROUND THREE:** Ineffective Assistance of Appellate
Counsel

<u>Id.</u> at PageID 7.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the page number shown on the form used do not accurately reflect the page numbers of the document.

III.

Standards of Review

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.     Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.

## Analysis

In support of his first ground, movant alleges that the Assistant United States Attorney assigned to his case, Shawn Smith ("Smith"), presented material false evidence to the grand jury and to the court, telling them that Amanda Means ("Means"), a defendant in a related case, and Celeste Blair ("Blair"), a co-defendant, purchased methamphetamine from movant, which was not true, and failing to provide mitigating evidence. Doc. 1 at PageID 4. This ground, however, was waived when movant pleaded guilty. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Irregularities in grand jury proceedings and Brady violations are errors of a type that are waived by a guilty plea, that is, they are non-jurisdictional defects. United States v. Daughenbaugh,

549 F.3d 1010, 1012 (5th Cir. 2008); <u>Matthew v. Johnson</u>, 201 F.3d

353, 361-62 (5th Cir. 2000).[4]

In his second ground, movant asserts that he received

ineffective assistance of counsel at trial. He makes three

arguments in support: (1) his counsel gave movant improper

sentencing expectations; (2) counsel failed to properly research

the case; and (3) counsel failed to inform the court about

Smith's fraud on the court. Doc. 1 at PageID 5. In his

memorandum, he adds an additional argument that his counsel

prohibited him from testifying at sentencing. Doc. 11 at 17-19.

None of these arguments has merit.

Movant first argues that his counsel's ineffective advice

renders his plea unknowing and involuntary. Doc. 1 at PageID 5;

Doc. 11 at 11-13. He offers nothing but conclusory allegations in

this regard. At best, he says that his attorney "induced [him] to

plea [sic] guilty by insuring [sic] [him] that he would receive a

10 year sentence." Doc. 11 at 12. The allegation flies in the

face of the testimony movant gave in open court at his

rearraignment when he swore that no one had made him any promise

or assurance of any kind to induce his guilty plea. CR Doc. 377

at 25. Movant's sworn statements are entitled to a strong

---

[4]Even had the ground not been waived, it was procedurally defaulted as movant failed to raise it on appeal. <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991). For the reasons discussed by the government in its response, Doc. 17, movant cannot show harm in any event.

presumption of verity. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). For a movant who seeks habeas relief on the basis of alleged promises inconsistent with the representations he made in open court to prevail, he must prove: "(1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitnesses to the promise." United States v. Cervantes, 132 F.3 1106, 1110 (5th Cir. 1998). Here, movant does not come close to providing any of the information required. As the court determined, movant's plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

Movant next alleges that his counsel failed to properly research the case and sentencing facts. Doc. 1 at PageID 5; Doc. 11 at 13-17. When a movant alleges his attorney was ineffective for failing to investigate a case, he must allege with specificity what exculpatory evidence the attorney would have discovered. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). He must show how the evidence would have been material and beneficial to his case. Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994). Again, the allegations movant makes are wholly conclusory. More importantly, movant has not shown that he was prejudiced by any of the things he is claiming his attorney

failed to do. For example, movant argues more than once that he did not conduct any drug business with or in front of Celeste Blair, Doc. 11 at 14, yet he admitted in his factual resume that he did. CR Doc. 132. That document is entitled to the same weight and reverence as movant's sworn testimony.[5] United States v. Soliz, 359 F. App'x 466, 470 (5th Cir. 2009). Movant also argues that he "is twice removed from" a drug source with ties to Mexico, but movant did not have to know the source of the drugs to be subject to the enhancement. United States v. Serfass, 684 F.3d 548, 552-53 (5th Cir. 2012).

Movant next argues that his attorney failed to inform the court of Smith's fraud on the court. Doc. 1 at PageID 5; Doc. 11 at 19-21. None of the information he has provided supports the contention that Smith perpetrated a fraud. In fact, the court would have no understanding of the issue but for the government's discussion in its response to the motion. Doc. 16. In support of his motion, movant submitted an affidavit purportedly signed by his attorney on September 2, 2016. Doc. 11, Ex. A. Even accepting what the affidavit says as true, it does not support the contention that Smith lied to the court or the grand jury. Rather, it indicates that, one week after sentencing Smith

_____

[5]Thus, movant's bald allegation that the statement in the factual resume regarding Blair is false does not merit any consideration.

10

realized that movant and Means did not know each other and had no relevant conduct connection. Id. The matter came to light at the sentencing hearing of Blair, when Special Agent Dendy testified that with regard to the 22.5 ounces alleged to have originated from Means to movant then to Blair (presumably the subject of ¶ 22 of movant's PSR), Means was dealing with a guy who went by the name "Black Bama," not movant, who was known as "Bama." CR Doc. 362 at 36. But, even if that was true,[6] deleting the 22.5 ounces from drugs attributable to movant would not have changed his guideline range. Further, even had the court granted movant a reduction for acceptance of responsibility, his guideline range would still have been the same.

Finally, movant complains that his trial counsel would not let him testify at the sentencing hearing. Movant does not state what his testimony would or been or why it would have made any difference in the outcome. See United States v. Wines, 691 F.3d 599, 604-05 (5th Cir. 2012). As noted, even had movant received a reduction for acceptance of responsibility, the outcome would have been the same. His conclusory allegation that he was scared out of testifying is not persuasive and certainly does not entitle him to a hearing on this argument.

---

[6]The record does not support movant's contention that he never dealt with Means.

Movant next complains about his appellate counsel, starting with the same allegation about Smith's purported fraud on the court. As stated, even taking the affidavit of movant's trial counsel as true, movant did not suffer any harm. See United States v. Stanford, 823 F.3d 814, 841 (5th Cir. 2016)(evidence is material only if there is a reasonable probability that the result of the proceeding would have differed). Movant next argues that there "were a plethora of issues" that could have been, but were not, raised on appeal. Doc. 11 at 22. The allegation is wholly conclusory and movant fails to identify the meritorious issues that should and could have been presented. His final argument is that his appellate counsel failed to present "evidence in support of court's denial of acceptance of responsibility for appellate review." Id. at 23-25. The argument does not make any sense. But, even if movant could make a coherent argument, granting acceptance of responsibility would not have changed the outcome. Hence, movant did not receive ineffective assistance of counsel.

V.

## Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

12

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 28, 2019.

_____
JOHN McBRYDE
United States District Judge